IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THERESE ANN TOWNSEND, as Independent Executrix of the Estate of John William Townsend and Trustee of the trusts named in the last will and testament of John William Townsend, deceased, FIDELITY PERSONAL TRUST COMPANY, FSB, as Trustee of the John W. Townsend Investment Trust II, TOMINELL TOWNSEND, CINDY SETTERS, and CARLOS RODRIGUEZ, Plaintiffs/Counter-Defendants, v. UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant/Counter-Plaintiff. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-07-2962 |

## MEMORANDUM AND ORDER

Pending before the Court in this declaratory judgment action is a Motion for Summary Judgment ("Motion") [Doc. # 16] filed by Counter-Defendant Tominell Townsend. Defendant Unum Life Insurance Company of America ("Unum") has responded [Doc. # 33]. Upon review of the motion and response, all pertinent matters of record, and applicable law, the Court concludes that Tominell Townsend's Motion for Summary Judgment should be **denied**.

P:\ORDERS\11-2007\2962 MSJTominellTownsend.wpd

Prior to his death, John William Townsend (the "Decedent") purchased, through his employer, a life insurance policy on his life from Defendant Unum. The Decedent named "My Trustee under My Last Will" as the beneficiary of the policy[1] and was covered under the policy for a total benefit of $546,000.

In March 2003, the Decedent executed a durable power of attorney to his wife, Plaintiff Therese Ann Townsend ("Mrs. Townsend"), allegedly because he was suffering from a progressive and debilitating illness and lacked decisionmaking capacity.

Approximately two years later, the Decedent changed the beneficiary designation on the Unum policy, purportedly without the knowledge or consent of his wife. This designation – the "April 2005 Designation" – named beneficiaries as follows: 40% to the John W. Townsend Investment Trust II, 40% to the Trustee of the Family Trust created under the Decedent's will, 10% to Tominell Townsend (Decedent's ex-wife), 5% to Cindy Setters (a friend of the Decedent), and 5% to Carlos Rodriguez (another friend of the Decedent).[2]

On or around August 23, 2006, Mrs. Townsend, acting under the power of attorney, submitted to Unum a new beneficiary designation. This designation – the "August 2006 Designation" – named as beneficiaries: 90% to the Trustee of the Family Trust and 10% to Tominell Townsend.[3]

Four days later, on August 27, 2006, the Decedent died. Mrs. Townsend was appointed the executrix of Decedent's estate and named the Trustee of the trusts

---

[1]  *See* Defendant's Response to Tominell Townsend's Motion for Summary Judgment ("Response") [Doc. # 33], Ex. A: "Life Insurance Election of Portability Coverage."

[2]  *See id.*, Ex. B: "Beneficiaries."

[3]  *See id.*, Ex. C: "Beneficiaries."

created under the Decedent's will.

In December 2006, Mrs. Townsend and Tominell Townsend jointly presented claims to Unum as beneficiaries under the policy. Unum, claiming that it could not determine which beneficiary designation is proper, refused to honor the claim. Mrs. Townsend subsequently filed suit, seeking a declaratory judgment determining the beneficiaries of the policy and the effect, if any, of Mrs. Townsend's purported community property rights on the payment of benefits. Unum admitted liability under the policy for benefits totaling $546,000,[4] and requested that all putative beneficiaries of the policy be interpled in Mrs. Townsend's suit. Among these putative beneficiaries is Counter-Defendant Tominell Townsend.

Tominell Townsend has answered and filed the pending motion, arguing that under either the April 2005 Designation or the August 2006 Designation, she is entitled to 10% of the policy proceeds, or $54,600. In response, Unum points out that there are, in fact, three beneficiary designations at issue in this case and that Tominell Townsend is a named beneficiary under only two of them. Moreover, Unum has provided evidence that even pursuant to the August 2006 Designation, the payment to be made to Tominell Townsend is uncertain. According to Unum, and supported by a letter allegedly written to Unum by Mrs. Townsend's current attorney,[5] during the claims process initiated in December 2006 by Mrs. Townsend and Tominell Townsend, Mrs. Townsend asserted a community interest entitlement to half of the amount to be paid to Tominell Townsend. Whether Tominell Townsend agreed at that time with the

---

[4]   *See* Unum's Motion for Leave to Deposit Funds into the Registry of the Court [Doc. # 5], ¶ 5. Because Unum's obligation to pay on the policy is not in dispute, the funds to be paid have been deposited with the Court. *See* Order of Sept. 20, 2007 [Doc. # 7].

[5]   *See* Defendant's Response to Tominell Townsend's Motion for Summary Judgment ("Response") [Doc. # 33], Ex. D: "Letter to Unum from Attorney David R. Brewer."

distribution proposed by Mrs. Townsend is not a matter of record.  However, Tominell Townsend makes clear in her motion for summary judgment that she now believes she is entitled to an entire 10%.

This evidence demonstrates the existence of both questions of fact and questions of law that have not been fully briefed and which the Court is not prepared to decide in a vacuum.  The Court will decide Tominell Townsend's right to a share of the policy proceeds after all issues are appropriately developed factually and legally.  Summary judgment is not warranted at this time.  *See* FED. R. CIV. P.  56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  It is therefore

**ORDERED** that Tominell Townsend's Motion for Summary Judgment [Doc. # 16] is **DENIED**.

SIGNED at Houston, Texas, this 14th day of **November, 2007**.

_____
Nancy F. Atlas
United States District Judge